# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA MARFOE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:24-cv-01894 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| DISCOVER BANK,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pro se Plaintiff Jessica Marfoe filed a complaint against Defendant Discover Bank ("Discover") alleging two counts under Illinois state law (Count I: breach of contract; Count 2: breach of fiduciary duties) and four claims under federal law (Count III: violation of Section 29 of the Federal Reserve Act; Count IV: securities and commodities fraud under 18 U.S.C. § 1348; Count V: peonage under 18 U.S.C. § 1581; and Count VI: sale into involuntary servitude under 18 U.S.C. § 1585). Discover has moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim. For the following reasons, the Court grants Discover's motion to dismiss.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). To survive a motion to dismiss, a plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to

---

[1] In her complaint, Plaintiff incorrectly identified Defendant as "Discover Financial Services LLC" when the correct name of the entity according to Defendant is "Discover Bank." The Clerk is instructed to alter the case caption to Marfoe v. Discover Bank.

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). While a plaintiff need not plead "detailed factual allegations" to survive a motion to dismiss, she still must provide more than mere "labels and conclusions or a formulaic recitation of the elements of a cause of action" for her complaint to be considered adequate. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). While pro se complaints are construed liberally and held to a less stringent standard than pleadings drafted by lawyers, *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011), a pro se complaint still must provide fair notice of the plaintiff's claims and at least suggest a plausible right to relief. *Killebrew v. St. Vincent Health, Inc.*, 295 Fed. App'x 808, 810 (7th Cir. 2008).

**Background**

On a motion to dismiss under Rule 12(b)(6), the Court accepts the complaint's well-pleaded factual allegations, with all reasonable inferences drawn in the non-moving party's favor, but not its legal conclusions. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir. 2014). The distinction is important here, because although Plaintiff disclaims any association with the group, her complaint bears the hallmarks of the legal theories espoused by the "Sovereign Citizen" movement that have been rejected by courts across the country. *El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748 (7th Cir. 2013). As explained by the FBI,

> [s]overeign citizens believe a "Federal Reserve Note" (US Currency) is a credit slip indicating the USG [(United States Government)] will provide something of value at a future date. Using this assumption, sovereign citizens file fraudulent financial documents to exchange credit for credit. As an

> example, rather than paying for a car with US Currency, the sovereign citizen
>
> will produce fraudulent financial documents (such as Promissory Note, Sight
>
> Draft, or Offset Bonds), which are offers to provide something of "actual"
>
> value at a future date.

Federal Bureau of Investigation, "Sovereign Citizens: An Introduction for Law Enforcement" 6 (Nov. 2010), https://info.publicintelligence.net/FBI-SovereignCitizens.pdf (last visited December 20, 2024).

The parallels between the legal theories espoused by this movement and Plaintiff's complaint are apparent. Plaintiff alleges that on September 4, 2013, she entered into a consumer credit transaction with Discover through which she was granted a $5,000 line of credit. From that point until April 10, 2023, Plaintiff used that line of credit and made cash payments to Discover towards the account balance each month, through which her line of credit was increased to $20,000.

At an unspecified point in time, Plaintiff determined that "[i]mproper performance was made on th[e] account" by "extraneous and unnecessary Federal Reserve Notes being used to pay th[e] account." (Dkt. 1, at *2.) According to Plaintiff, "[p]roper performance would have been to indorse the original collateral securities under special negotiation, prior to them being exchanged for Federal Reserve Notes." (*Id.*) Plaintiff alleges that she "failed to do a special/restrictive indorsment [sic] on the original collateral securities" and that she "never intended to do ANY blank indorsements on behalf of [herself]." (*Id.*) Plaintiff further alleges that each month a "billing statement" was generated for her account, and that a "billing statement" is an "unconditional order to pay." (*Id.* at *3.) According to Plaintiff, a "billing statement" or "bill" or "any similar language" is also called a "bill of exchange," which is a negotiable instrument. (*Id.*) Such "bills of exchange" are "collateral securities in accordance with the Federal Reserve Act, Section 16, Part 2." (*Id.*)

Seeking to address this "improper performance," Plaintiff alleges that on April 10, 2023, she sent the CEO of Discover a bill of exchange "with special/restrictive indorsement and a letter of instructions" by certified mail. (*Id.* at *4.) She then sent further bills of exchange on May 12 and June 6. Plaintiff alleges that she did not receive a response "to any of these attempts to setoff the account . . . and none of the negotiable instruments were returned to [her]." (*Id.*) Undeterred, Plaintiff sent yet another bill of exchange and letter of instruction to Discover on July 17, 2023. In response, Plaintiff received a letter from Discover, dated August 4, 2023, in which Discover "claimed to have conducted an investigation and found that the account and balance were valid" and that Discover would be reporting her account to credit reporting agencies. (*Id.*) Next, Plaintiff received a letter from Discover, dated August 5, "that gave a summary of the included statement reprints from December 2022 through July 2023." (*Id.*)

After receiving these letters from Discover, on September 28, 2023, Plaintiff mailed yet another "bill of exchange with special/restrictive indorsement with a Notice of Assessment" to the CFO of Discover, "with Accord and Satisfaction as performance to the Contract," along with a copy of her Durable Power of Attorney. (*Id.* at *5.) Then, on October 5 and October 13, 2023, Plaintiff mailed two more "bill[s] of exchange with special/restrictive indorsment with an Opportunity to Cure." (*Id.*) Plaintiff alleges that she received no response from Discover as to any of her letters and that none of the "negotiable instruments" were returned. (*Id.*)

Despite her having "fully completed performance on the account," Discover subsequently reported Plaintiff to credit agencies, causing her credit score to be negatively impacted. (*Id.*) Plaintiff filed her complaint before the Court on March 6, 2024, seeking full setoff of her account, refund of all "individual extraneous payments made on the account using Federal Reserve Notes," removal of all negative claims from credit reporting agencies, a $100,000 revolving line of credit, and "$5,000,000 (five million) in damages. Payable in Federal Reserve Notes." (*Id.* at *9–10.)

Discover responded to Plaintiff's complaint with a motion to dismiss on March 27, 2024. After briefing was completed, the Court heard brief oral arguments regarding Discover's motion on May 15, 2024.

The Court now turns to Discover's motion.

**Discussion**

*A. Establishing jurisdiction*

Before evaluating Plaintiff's complaint in light of Discover's motion to dismiss, the Court must be satisfied that it possesses jurisdiction to hear Plaintiff's complaint. "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *United States v. Wahi,* 850 F.3d 296, 299 (7th Cir. 2017) (citation omitted). There are two ways that a federal court can have jurisdiction over a case: federal question jurisdiction and diversity jurisdiction. Federal question jurisdiction gives federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction gives federal courts jurisdiction in civil actions where the amount in controversy is greater than $75,000 and the case is between citizens of different states. 28 U.S.C. § 1331(a).

In her complaint, Plaintiff reports that both she and Discover are residents of Illinois, which negates diversity jurisdiction. As such, the only potential basis for her claim is federal question jurisdiction.

*B. Federal law claims*

All four of Plaintiff's claims under federal law are meritless. As to Count III, there is no private right of action under Section 29 of the Federal Reserve Act, as only federal officials can enforce this statute. *See White v. Lake Union Ga Partners LLC,* No. 1:23-CV-02852-VMC, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023) (collecting cases supporting finding that Section 29 of the Federal Reserve

Act does not create a private right of action). Similarly, 18 U.S.C. § 1348 is a criminal statute, and therefore provides no private right of action to support the allegations of securities and commodities fraud Plaintiff pleads in Count IV of her complaint. *See Sade v. PNC Fin. Grp.*, No. 3:23-CV-01845-JPG, 2023 WL 7335043, at *3 (S.D. Ill. Nov. 7, 2023) (Gilbert, J.) (citing *Israel Aircraft Indus. Ltd. v. Sanwa Bus. Credit Corp.*, 16 F.3d 198, 200–01 (7th Cir. 1994) (finding that "[n]o case during the last generation creates a private right of action to enforce a statute cast in the form of a criminal prohibition")).

Continuing with Plaintiff's federal law claims, Count V, peonage under 18 U.S.C. § 1581, and Count VI, sale into involuntary servitude under 18 U.S.C. § 1585, are meritless to the point of being frivolous. To establish peonage, Plaintiff must show that Discover intentionally held her against her will and coerced her to work to satisfy her debt by (1) physical restraint or force, (2) legal coercion, or (3) threats of legal coercion or physical force. *Mohammed v. Sidecar Techs. Inc.*, No. 16 C 2538, 2016 WL 6647946, at *4 (N.D. Ill. Nov. 10, 2016) (Alonso, J.). Similarly, 18 U.S.C. § 1585 enforces the Thirteenth Amendment by criminalizing the seizure, detention, transportation, or sale of slaves.

Notwithstanding the fact that Plaintiff provides no factual allegations to support either claim, to equate the requirement that one payoff her credit card debt with chattel slavery is, in a word, reprehensible. Nor will the Court engage in the "flexible interpretation" or "in-depth examination" of these statutes requested by Plaintiff to find a theory of law that supports Plaintiff's claims. (Dkt. 18.) Where a party offers only cursory support of her argument without adequate explanation, the Court "will not fill this void by crafting arguments and performing the necessary legal research." *Shipley v. Chicago Bd. Of Election Comm'rs*, 947 F.3d 1056, 1063 (7th Cir. 2020). For these reasons, Counts III, IV, V, and VI are dismissed with prejudice.

C.  *State law claims*

Plaintiff's remaining claims—Count I: breach of contract and Count II: breach of fiduciary duties—each assert actions under state law.  But because the Court lacks diversity jurisdiction, the only way the Court could hear these claims is through the exercise of supplemental jurisdiction. Supplemental jurisdiction provides district courts with jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  But a district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).

Having dismissed all of Plaintiff's claims under federal law, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and defers addressing the merits of these claims.  *See Bey v. Ayers*, No. 24-1560, 2024 WL 4823870, at *5 (7th Cir. Nov. 19, 2024) (holding that when a party's federal claims are "properly dismissed, and only a single state claim survives, relinquishing supplemental jurisdiction over the claim is the presumed course of action").  The Court observes, however, that both of Plaintiff's state law claims suffer from numerous significant pleading defects, as identified in Discover's motions to dismiss.  (Dkt. 12, at *7–9.)  Accordingly, and because a court that lacks subject matter jurisdiction cannot dismiss a case with prejudice, *Flynn v. FCA US LLC*, 39 F.4th 946, 95(7th Cir. 2022), Counts I and II are dismissed without prejudice.

D.  *Denying leave to amend*

When a complaint fails to state a claim for relief, a plaintiff should ordinarily be given an opportunity to amend the complaint to correct the problem if possible.  *See* Fed. R. Civ. P. 15(a); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir.2010) (reversing dismissal with prejudice); *Foster v. DeLuca*, 545 F.3d 582, 584–85 (7th Cir.2008) (reversing dismissal with prejudice where district court

did not explain reason for denying leave to amend). But leave to amend need not be granted if it is clear that any amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (citing *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir.1994)).

As the Court has made clear, Plaintiff's claims—which relate solely to her allegation that Discover refused to accept her "bills of exchange" as payment—are frivolous. S*ee McGee v. Nissan Motor Acceptance Corp.*, 619 F. App'x 555 (7th Cir. 2015) (noting that the plaintiff's "bill of exchange mimics those consistently rejected by other courts as worthless"). This is also not the first complaint of its kind that Plaintiff has brought in this district. On November 11, 2023, Plaintiff brought a complaint against BMO Bank N.A. under the same "bill of exchange theory," this time involving a car loan. *Marfoe v. BMO Harris Bank N.A. et al*, Case No. 23-cv-15541 (N.D. Ill. Nov. 11, 2023) (Seeger, J.). Equally unpersuaded by Plaintiff's arguments, Judge Seeger declared the complaint to be frivolous and granted the defendant's motion to dismiss with prejudice and without leave to amend. *Id.*

As with her prior complaint before this court, and the countless other frivolous complaints premised on "bills of exchange" brought by similar plaintiffs in courts across the country, any amendment of Plaintiff's complaint would be futile. *See Slaughter v. US Cellular*, No. 23-CV-1642-PP, 2023 WL 9051307, at * 5 (E.D. Wis. Dec. 29, 2023) (collecting cases). Furthermore, granting Plaintiff leave to amend would only serve to incentivize such frivolous filings and consume scarce judicial resources that are better served adjudicating meritorious claims. For these reasons, the Court joins with its sister courts and denies Plaintiff leave to amend her complaint.

**Conclusion**

For these reasons, the Court grants Defendant's motion to dismiss [12]. Because Plaintiff's allegations brought under federal law are meritless and fail to state a claim for relief, Counts III, IV, V, and VI are dismissed with prejudice. Because the Court lacks subject matter jurisdiction over Plaintiff's state law claims and declines to exercise supplemental jurisdiction over those claims, Counts

I and II are dismissed without prejudice. Because Plaintiff's complaint is so frivolous that it is clear on its face that any amendment would be futile, the Court denies Plaintiff leave to amend her complaint.

**IT IS SO ORDERED.**

Date: 1/6/2025

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge